```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/16/15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEMYON (SAM) KISLIN,

                Plaintiff,

-against-

SIMON DIKKER and VADIM SACHKOV,

                Defendants.

**ORDER**

14 Civ. 237 (PGG) (JCF)

PAUL G. GARDEPHE, U.S.D.J.:

        In this diversity action, Plaintiff Semyon Kislin seeks $4 million in damages for alleged losses arising out of his sale of an interest in a Russian corporation to Defendant Simon Dikker.[1] The Complaint alleges claims for breach of contract, conversion, and fraud. (Cmplt. (Dkt. No. 1) ¶¶ 21, 30-33, 37) On August 25, 2014, Dikker moved to dismiss on grounds of forum non conveniens. (Dkt. No. 40) On September 12, 2014, this Court referred the motion to Magistrate Judge James C. Francis, III for a report and recommendation. (Dkt. No. 51)

        On September 25, 2014, Judge Francis issued a Report and Recommendation ("R & R") in which he recommended that the Court deny Dikker's motion. (Dkt. No. 52) Dikker filed timely written objections to the R & R on October 14, 2014, and Kislin responded to those objections on October 28, 2014. (Dkt. Nos. 54, 55) The Court has reviewed the R & R and Defendant's objections. For the reasons discussed below, the Court adopts the R & R in its entirety and denies Defendant's motion to dismiss.

---

[1] Plaintiff voluntarily dismissed his claims against Defendant Vadim Sachkov on June 9, 2014. (Dkt. No. 19 at 1)

## BACKGROUND

Between 2002 and 2007, Kislin, Dikker, and a third individual not party to this lawsuit co-owned and operated TransRegionInvest ("TRI"), a Russian joint-stock company, during which time Kislin owned 51% of outstanding shares and Dikker owned 24.5%. (Cmplt. (Dkt. No. 1) ¶¶ 7-8, 11; Kislin Decl. (Dkt. No. 48) ¶¶ 10, 15) Kislin and Dikker allegedly agreed that Dikker would purchase Kislin's ownership interest in TRI for $20 million. (Cmplt. (Dkt. No. 1) ¶ 13; Kislin Decl. (Dkt. No. 48) ¶ 16) Dikker paid Kislin $16 million and allegedly gave assurances that he would pay the remaining $4 million. (Cmplt. (Dkt. No. 1) ¶¶ 16-17, 19; Kislin Decl. (Dkt. No. 48) ¶¶ 20-26) In 2009, Kislin and Dikker entered into a written agreement that the $4 million balance would be paid between December 2009 and May 2010. (Cmplt. (Dkt. No. 1) ¶ 30; Kislin Decl. (Dkt. No. 48) ¶ 24) In the fall of 2012, with the $4 million still unpaid, the parties agreed to extend the deadline for the outstanding payment to May 1, 2013. (Cmplt. (Dkt. No. 1) ¶ 32; Kislin Decl. (Dkt. No. 48) ¶ 26) Kislin maintains that Dikker never made the remaining $4 million payment. (Cmplt. (Dkt. No. 1) ¶¶ 22, 25, 28-29, 33-34, 44; Kislin Decl. (Dkt. No. 48) ¶ 27)

On January 13, 2014, Kislin filed this action against Dikker asserting claims for conversion, breach of contract, and fraud, and seeking recovery of the $4 million still owed. (Cmplt. (Dkt. No. 1) ¶¶ 20-22, 30-44) On August 25, 2014, Dikker moved to dismiss on grounds of forum non conveniens. (Dkt. No. 40) Dikker contends that the more convenient and appropriate forum for this action is Moscow, Russia. (Def. Br. (Dkt. No. 44) at 14-15)

In analyzing Dikker's claim of forum non conveniens, Judge Francis applied the three-step analysis set forth in Iragorri v. United Techs. Corp., 274 F.3d 65, 73-74 (2d Cir. 2001) (en banc). Under this analysis,

> [a]t step one, a court determines the degree of deference properly accorded the plaintiff's choice of forum. At step two, it considers whether the alternative forum proposed by the defendants is adequate to adjudicate the parties' dispute. Finally, at step three, a court balances the private and public interests implicated in the choice of forum.

Norex Petroleum Ltd. v. Access Indus., Inc., 416 F.3d 146, 153 (2d Cir. 2005) (internal citations omitted) (citing Iragorri, at 73-74). "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947).

In his September 25, 2014 R & R, Judge Francis found that Kislin has been a resident of New York since 1985 and a United States citizen since the 1970s, works primarily out of New York City, and does not have an office or residence in Moscow. (R & R (Dkt. No. 52) at 6-7) Judge Francis concluded that New York is Kislin's "home forum" and therefore "his choice of forum is entitled to great deference." (Id. at 7 (citing Iragorri, at 71)) Judge Francis also observed that Dikker lives only one hour from this forum in New Jersey, and has "indicat[ed] his amenability to suit in this forum." (Id., at 7-8, 17)

As to the adequacy of Defendant's alternative forum, Judge Francis found that Dikker had not offered evidence regarding the treatment of similar claims under Russian law and had not demonstrated that adequate relief is available to Kislin in Moscow. (Id., at 10-13) Indeed, Judge Francis noted that "[Dikker's] submissions fail to address this issue at all," beyond a conclusory statement. (Id., at 11-12)

Even if Dikker had established that Moscow was an adequate alternative forum, Judge Francis concluded that Dikker had not demonstrated (1) the relevance of four witnesses in Russia or that it would be difficult to obtain their testimony in this action; (2) that the cost of transporting relevant documents and translating these documents from Russian to English would

be substantial; or (3) that Russian law governs this case. (Id., at 14-19) He also noted that "the offices of both parties' attorneys are . . . located in New York City." (Id., at 17) Finally, Judge Francis found that the public interest did not weigh in favor of transferring this case to Moscow, as Russia has no greater interest in the outcome of this litigation than New York and "it is far from clear that Russian law would govern this case." (Id., at 18-21) Judge Francis therefore recommended that the motion to dismiss be denied. (Id., at 21)

## DISCUSSION

### I.   STANDARD OF REVIEW

In reviewing a magistrate judge's report and recommendation, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y.1985) (citations omitted). Where, as here, a party submits a timely objection to the report and recommendation, the Court reviews those portions of the report to which the party objected under a de novo standard. See Fed. R. Civ. P. 72(b)(3). "Objections that are 'merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review.'" Phillips v. Reed Grp., Ltd., 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (quoting Vega v. Artuz, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002)). "In the event a party's objections are conclusory or general, or simply reiterate original arguments, the district court also reviews the Report and Recommendation for clear error." Id.

## II.   DIKKER'S OBJECTIONS TO THE R & R

Dikker objects to Judge Francis's conclusion that Kislin's choice of New York as the forum for this lawsuit is entitled to great deference. (Defendant's Objections to Report and Recommendation ("Def. Obj.") (Dkt. No. 54) at 9-12) Dikker argues that Kislin's "extensive and continuous business activities . . . in Russia" warrant diminished deference to his choice of forum. (Id., at 9-11) Dikker argues that "'the deference due an American plaintiff is diminished where plaintiff is a corporation doing business abroad and can expect to litigate in foreign courts.'" (Id., at 9 (quoting Kuehne & Nagel Inc. v. A.G.R. Eshcol Overseas, Ltd., No. 13 Civ. 8919 (LLS), 2014 WL 4059821, at *5 (S.D.N.Y. Aug. 15, 2014) (quoting Flex-N-Gate Corp. v. Wegen, No. 08 Civ. 2502 (LLS), 2008 WL 5448994, at *3 (S.D.N.Y. Dec. 29, 2008)))) This argument is not persuasive, however, because Kislin is an individual and not a corporation. It is well established in this Circuit that a United States resident "plaintiff's choice of [his] home forum should be given great deference." Iragorri, 274 F.3d at 71.

Moreover, the record demonstrates that Kislin's choice of forum was informed by genuine convenience: Kislin is a resident of New York, Dikker resides an hour away in New Jersey, and counsel for both parties are located in New York City. (Cmplt. (Dkt. No. 1) ¶¶ 1-2; March 27, 2014 Joint Ltr. (Dkt. No. 7) at 2); see Norex Petroleum, 416 F.3d at 154-55. "The Court finds nothing in the record to suggest that [Kislin's] choice [of] New York [as a] forum was motivated by forum-shopping, bad faith or other improper strategic purpose." Miller v. Calotychos, 303 F. Supp. 2d 420, 429-30 (S.D.N.Y. 2004) (citing Iragorri, 274 F.3d at 72).

While Dikker suggests that Judge Francis relied on speculation that Dikker might be arrested if he were to return to Russia (Def. Obj. (Dkt. No. 54) at 11), Judge Francis never mentioned this possibility in assessing the degree of deference owed to Kislin's choice of forum.

(See Id. at 6-9.) Indeed, Judge Francis notes in the R & R that Dikker has consented "to the jurisdiction of an appropriate court in Moscow." (R & R (Dkt. No. 52) at 9)

Dikker also contends that Russia is an "adequate alternative forum" for resolving the claims in this action, noting that he has "consent[ed] to the jurisdiction of an appropriate court in Moscow," and that this "run of the mill business dispute . . . [was] intended . . . to be resolved in Russia by [a] Russian court applying Russian civil code." (Def. Obj. (Dkt. No. 54) at 12-13)

On a motion to dismiss based on forum non conveniens, the movant bears the burden of demonstrating "the availability of an adequate alternative forum." Norex Petroleum, 416 F.3d at 157. "'An alternative forum is adequate if the defendant[ is] amenable to service of process there, and if it permits litigation of the subject matter of the dispute.'" Id. (quoting Pollux Holding Ltd. v. Chase Manhattan Bank, 329 F.3d 64, 75 (2d Cir. 2003)). By representing that he would submit to the jurisdiction of a Russian court in a comparable action filed against him by Kislin in Russia, Dikker has satisfied the first prong of the analysis. (Dikker Decl. (Dkt. No. 42) ¶ 18); see Norex Petroleum, 416 F.3d at 157. However, Dikker's conclusory assertions regarding the adequacy of available relief in Moscow are not sufficient to satisfy his burden to demonstrate the adequacy of the foreign forum. (Def Br. (Dkt. No. 44) at 11-12; Def. Obj. (Dkt. No. 54) at 13). Dikker provided no affidavits or other evidence supporting his position on this issue. (Id.)

Finally, Dikker contends that the balance of interests favors dismissal. (Def. Obj. (Dkt. No. 54) at 14-20) In doing so, he merely repeats many of the arguments set forth in his motion papers. (Compare Def. Obj. (Dkt. No. 54) at 14-21 and Def Br. (Dkt. No. 44) at 8-14; Berkovich Decl., Ex. B (Dkt. No. 41-2) at 2; Def. Rep. Br. (Dkt. No. 46) at 2-3, 5-6) Dikker also

claims that Judge Francis overlooked his argument that certain Russian witnesses are "highly relevant" and "do not intend to testify in the lawsuit in New York or provide the documents in their possession, and neither the documents in their possession no[r] their testimony are subject to this Court compulsory process." (Def. Obj. (Dkt. No. 54) at 17) (emphasis omitted)  This objection is without merit.  Judge Francis explicitly addressed these arguments, finding that Dikker had not shown that "live testimony [from these witnesses] is especially important in this case, that these witnesses would be unwilling to submit to deposition or to travel here voluntarily to testify, or that there is not an alternative means of obtaining their evidence."  (R & R (Dkt. No. 52) at 15)  Even if these witnesses are unwilling to travel here voluntarily, or to provide documents, "'any [such] difficulties . . . can most likely be resolved by the use of deposition testimony or letters rogatory.'"  DiRienzo v. Philip Servs. Corp., 294 F.3d 21, 30 (2d Cir. 2002) (quoting Overseas Programming Cos., Ltd. v. Cinematographische Commerz-Anstalt, 684 F.2d 232, 235 (2d Cir. 1982)).

## CONCLUSION

Finding no error in Judge Francis's September 25, 2014 Report and Recommendation (Dkt. No. 52), this Court adopts the R & R in its entirety.  Defendant's motion to dismiss on grounds of forum non conveniens is denied.  The Clerk of the Court is directed to terminate the motion (Dkt. No. 40).

Dated: New York, New York  
      January 16, 2015

SO ORDERED.

_Paul G. Gardephe_  
Paul G. Gardephe  
United States District Judge